UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DENNIS DELGADO,<br><br>Plaintiff,<br><br>v.<br><br>UGL SERVICES UNICCO OPERATIONS CO., d/b/a Unicco Service Company,<br><br>Defendant. | **COMPLAINT FOR DAMAGES**<br><br>Case No. _____<br><br><u>**JURY TRIAL REQUESTED**</u> |

**INTRODUCTION**

1. Plaintiff Dennis Delgado has been working as a custodian for Defendants' janitorial and cleaning business, first in Georgia then in Florida. Plaintiff has regularly worked long hours but has not been paid for all of the hours he has worked. Instead, Plaintiff has generally only received pay for up to 40 hours of work even though he has performed significantly more than that. Sporadically Defendant has paid him for some, but not by any means all, overtime work he has performed at a time-and-a-half rate. To challenge these and other wage violations, Plaintiff, by and through his attorneys, brings this action to recover unpaid wages, overtime and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA"), complaining of Defendant UGL Services Unicco Operations Co., d/b/a Unicco Service Company, as follows:

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

3. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' janitorial and cleaning business whose Georgia office is located at 6600 Peachtree Dunwoody Road, Building 400, Suite 175, Atlanta, GA 30328. While working in Georgia, Plaintiff's activities were generally performed within Fulton County.

## PARTIES

### Defendant UGL Services Unicco Operations Co.

1. Defendant **UGL Services Unicco Operations Co.** d/b/a Unicco Service Company (hereinafter "Unicco") is a foreign corporation doing business within the County of Fulton, and whose principal place of business is located at 275 Grove Streee, Suite 3-200, Auburndale, MA 02466. Its registered agent is listed with the Georgia Secretary of State as CT Corporation System (Shakinah Edwards) with an address of 1201 Peachtree St., NE, Atlanta, GA 30361. The same corporate entity's registered agent is listed with the Florida Department of State as CT Corporation System with an address of 1200 South Pine Island Rd., Plantation FL 33324.

2. At all times material to this action, Defendant Unicco Service Company was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

3. At all relevant times, Defendant Unicco Service Company was an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).



75 Madison Avenue
Suite 705
ew York, NY 10016
646.502.7751
w.goldbergdohan.com

2

4. At all relevant times, Defendant Unicco Service Company had annual gross revenues in excess of $500,000.

**Plaintiff Dennis Delgado**

5. Plaintiff Dennis Delgado is currently a resident of Miami, Florida; previously he was a resident of Georgia.

6. At all times material to this action, Plaintiff Delgado has been an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e).

7. Plaintiff Dennis Delgado has been working for Unicco Service Company as a janitor from September, 2009 to August, 2010 in Georgia, then August, 2010 to the November 12, 2011 in Florida.

8. While in this position, Plaintiff Delgado has been paid on an hourly basis at a certain rate of pay. Plaintiff Delgado's rate of pay is $13.00 per hour.

9. While working in this capacity, Plaintiff Delgado was not expected to log his time worked.

10. Although his shifts vary, Plaintiff Delgado estimates he has generally worked approximately 55-80 hours per week.

11. Plaintiff's compensable work day should have begun when he arrived at the Defendant's office to pick up keys for the location at which he was expected to perform his cleaning activities.

12. Plaintiff generally returned to the office at the end of his work day as well. His compensable work day should have ended either at the time he left the job site if he was going directly home or at the time he left the office if he returned there prior to returning home.

3



75 Madison Avenue
Suite 705
ew York, NY 10016
646.502.7751
w.goldbergdohan.com

13. Although not even paid for all hours on his schedule, upon information and belief Plaintiff's Defendants also never included any of his preliminary or postliminary activities (not including commmute to and from home) in his compensable time calculations.

14. Plaintiff Delgado has not been paid for all hours worked, and has not been paid at a rate of one and one half times his normal hourly rate for all hours over 40 worked in a workweek.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

15. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

16. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

17. Due to the nature of his responsibilities, Plaintiff was rarely able to take a break during his shifts. To the extent that he was able to take a break at all, it was generally in the range of 5-20 minutes.

18. To the extent that Plaintiff took any breaks at all, they were "rest periods" as defined by the regulations interpreting the FLSA, 29 C.F.R. § 785.18, and were therefore compensable.

*Record-Keeping Failures*

19. At all relevant times, Defendant failed to make, keep, and preserve accurate records

4



75 Madison Avenue
Suite 705
ew York, NY 10016
646.502.7751
w.goldbergdohan.com

regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

***Willful & Not Based On Good Faith & Entitlement to Damages***

20. Defendant had no good faith basis for believing that its pay practices as alleged above were in compliance with the law.

21. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

22. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid wages and unpaid overtime wages due under the FLSA;

(B) Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiff interest;

(D) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(E) Award such other and further relief as this Court deems necessary and proper.



75 Madison Avenue
Suite 705
ew York, NY 10016
646.502.7751
w.goldbergdohan.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this 30 day of August, 2011.

GOLDBERG & DOHAN, LLP

**Nathan Kotas**
State Bar No. 428699
*nkotas@goldbergdohan.com*
1755 The Exchange, Suite 215
Atlanta, GA 30339
(678) 224-5656 direct
(800)719-1617 main
(678) 391-6846 fax

**Penn U. Dodson**
State Bar No. 224494
*pdodson@goldbergdohan.com*
275 Madison Ave., Ste. 705
New York NY 10016
(646) 502-7751 direct
(800) 719-1617 main
(888) 272-8822 fax

Attorneys for Plaintiff


75 Madison Avenue
Suite 705
New York, NY 10016
646.502.7751
w.goldbergdohan.com